UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-22198-RNS

LEI TANG,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.

DECLARATION OF LEI TANG IN SUPPORT OF PLAINTIFF'S *EX PARTE*
APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION AND ORDER RESTRAINING TRANSFER OF ASSETS

I, Lei Tang, declare as follows:

1. I am over 18 years of age, and I have personal knowledge of the facts set forth herein.

2. I make this declaration in support of Plaintiff's *ex parte* application for entry of temporary restraining order, preliminary injunction, and order restraining transfer of assets (the "Application for TRO") and for all purposes permitted by law and local rules.

3. If called upon to do so, I could and would competently testify to the following facts set forth below.

The Tang Works and Products

4. I am a sole proprietor having my principal place of business at #21, Quan Dang Community, Tie He Kou Village, Cha Shan County, Li Ling City, Hunan Province, China. Post Code: 412200.

1

5. On May 10, 2021, I registered thirty-eight (38) photographs (hereinafter, "Lei Diamond Painting Pen Group One") with the United States Copyright Office and received Registration No. VA0002250612.

6. A true and correct copy of the federal copyright registration record for the Lei Diamond Painting Pen Group One along with relevant samples is attached hereto as Exhibit One. The Registration is valid, subsisting, and in full force and effect.

7. On May 11, 2021, I additionally registered thirteen (13) photographs (hereinafter "Lei Diamond Painting Pen Group Two") with the United States Copyright Office and received Registration No. VA0002250627.

8. A true and correct copy of the federal copyright registration for the Lei Diamond Painting Pen Group Two along with relevant samples is attached hereto as Exhibit Two. The Registration is valid, subsisting, and in full force and effect.

9. I am the owner of all rights, title and interest in and to the Lei Diamond Painting Pen Group One and Two, U.S. Copyright Registration Nos. VA0002250612 and VA0002250627. (hereinafter, collectively, "the Tang Works")

10. I created the Tang Works in May, 2020. Since June of 2020, I have utilized the Tang Works in connection with the advertisement, marketing and sale of retail items, as depicted therein, in interstate and foreign commerce, including commerce in the State of Florida and the Southern District of Florida.

11. I utilize the Tang Works in connection with the advertisement, marketing and sale of retail items, as depicted in the Tang Works, through Amazon and authorized sellers.

12. I have expended substantial time, money and other resources developing, advertising and otherwise promoting the photographed series in the Tang Works.

13. Sales of the items depicted in the Tang Works have been significant with sales to at least the United States, the United Kingdom, Germany, Japan and Australia.

14. Since I began utilizing the Tang Works in June, 2020, I have sold thousands of the items depicted therein.

15. Revenues and profits generated through utilization of the Tang Works to market the items depicted therein have been significant.

16. Each image contained in the Tang Works has independent economic value and has generated revenue in relation to the retail items depicted therein.

The Defendants and Their Unlawful Conduct

17. In order to counter widespread infringement of the Tang Works, I, with the assistance of others under my supervision and direction, have undertaken an investigation which has established that Defendants are using various storefronts on at least the Alibaba, AliExpress, Amazon, eBay, Joom New Egg, Walmart, and Wish ecommerce platforms, as well as an Individual Site, to sell products to consumers in the United States and the State of Florida, including the Southern District of Florida, utilizing my Tang Works without authorization.

18. I or someone under my direction and supervision personally accessed Defendants' Internet based e-commerce stores operating under their respective seller identifications through the Alibaba, AliExpress, Amazon, eBay, Joom New Egg, Walmart, and Wish ecommerce platforms, all ecommerce platforms as identified on Schedule "A," attached to the Complaint and hereto as Exhibit Seven. (hereinafter "Seller IDs").

19. Upon accessing each of the e-commerce stores, either I or someone under my direction and supervision was able to view advertisements for products utilizing my Tang Works

without authorization, add products to the online shopping cart, proceed to a point of checkout, and otherwise actively exchange data with each e-commerce store.

20. Attached hereto as Exhibits Three to Six are true and correct copies of screenshots, produced as part of my investigation, of products sold and offered for sale by Defendants utilizing my Tang Works without authorization.

21. I personally analyzed each of the screenshots and photographs of the products shown in Exhibits Three to Six and determined that products are being offered for sale to residents of the United States and the State of Florida utilizing unauthorized and infringing copies of the Tang Works. I reached this conclusion through visual inspection of the photographs and screenshots included in Exhibits Three to Six as they appeared on Defendants' online stores.

22. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of online stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint and attached hereto as Exhibit Seven as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by Defendants to conceal their identities, the full scope and interworking of their operations, and to avoid being shut down.

23. Defendants facilitate sales by designing their online stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores or wholesalers. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union, Alipay, Paypal, Payoneer and PingPong. The Defendants' online storefronts often include content and design elements that make it very difficult for consumers to distinguish such listings from an authorized distributor or reseller's listing. Many

Defendants further perpetuate the illusion of legitimacy by offering customer service and using other indicators of authenticity and security that consumers have come to associate with authorized retailers, including the Visa®, MasterCard®, and/or PayPal® logos.

24. I have not assigned, licensed or authorized Defendants to use my Tang Works.

25. Copyright infringers such as Defendants typically operate multiple credit card merchant accounts and related e-commerce accounts, such as PayPal accounts, behind layers of payment gateways so that they can continue operation in spite of the enforcement efforts of Plaintiff and other intellectual property rights holders. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

26. Review and analysis of Exhibits Three to Six, attached hereto, shows that Defendants are individuals and businesses who conduct business throughout the United States, including within the State of Florida and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces identified therein. Each Defendant targets the United States, including Florida, and has offered to sell and/or has sold and/or continues to sell and offer for sale products to consumers within the United States, including Florida and in this Judicial District, utilizing my Tang Works.

<u>Defendants' Ongoing Acts of Copyright Infringement Cause Irreparable Harm</u>

27. Each sale made by the Defendants online utilizing my Tang Works without authorization results in a direct loss to me.

28. Monetary damages cannot adequately compensate for Defendants' ongoing infringement because monetary damages fail to address the loss of control over my intellectual property, as well as my reputation and goodwill.

29. The goodwill I have obtained through utilization of the Tang Works is undermined and damaged when the Tang Works are used to market and sell goods not authorized, produced or manufactured by me. Brand confidence is damaged, which can result in loss of future sales and market share. The extent of harm to my reputation and goodwill and the possible diversion of customers due to loss in brand confidence are largely unquantifiable.

30. I am further irreparably damaged due to a loss of exclusivity in the Tang Works. My extensive marketing, utilizing the Tang Works, is aimed at growing and sustaining sales. When copyright infringers use the Tang Works to advertise goods without authorization, my right to exclusivity, as well as my reputation and the reputation of the the products I sell utilizing the Tang Works is damaged and eroded, resulting in a loss of unquantifiable future sales.

31. The ability of Defendants to reproduce, modify, distribute and display copies of the Tang Works for their own commercial benefit without compensation to me greatly impairs the market value of the Tang Works since others competing with Defendants' businesses, or in related business areas, will not want to obtain a license to my Tang Works if it is already associated with a competing business. Similarly, potential licensees of my copyrighted photographs will not want to pay my license fees if they see other commercial enterprises taking and using my photographs for their own commercial purposes without paying any fee at all.

32. I originally offered the goods depicted in my Tang Works for sale at a retail price of $15.00 to $20.00. As shown by Exhibits Three to Six, most of the Defendants offer identical goods for sale utilizing my Tang Works without authorization at much lower price points. Due to

the Defendants' unauthorized and infringing utilization of my Tang Works to sell the goods depicted therein, I have been forced to lower the retail price of the goods depicted in my Tang Works by approximately half. I am unable to restore the initial price point due to Defendants' continued unauthorized and infringing utilization of my Tang Works to sell the goods depicted therein in direct competition with me. My brand and business is irreparably harmed due to continued price erosion.

33. Loss of quality control over goods sold utilizing my Tang Works without my authorization is neither calculable nor precisely compensable.

34. Consumers who mistakenly believe that the products he or she has purchased from Defendants originated with me due to Defendants' unauthorized and infringing utilization of my Tang Works to sell the items depicted therein will come to believe that I offer low quality products for sale.

35. Sales of inferior quality products by Defendants utilizing my Tang Works to sell the items depicted therein result in increased skepticism and hesitance in consumers presented with genuine products sold utilizing the Tang Works, resulting in a loss or undermining of my reputation and goodwill.

36. Based on the evidence attached hereto as Exhibits Three to Six, I estimate that Defendants have sold thousands of units of the goods depicted in the Tang Works through their unauthorized and infringing utilization thereof, reaping substantial profits that I should have received.

37. I will suffer immediate and irreparable injury, loss or damage if an *ex parte* Temporary Restraining Order is not soon issued in accordance with Federal Rule of Civil

Procedure 65(b)(1) as Defendants will be allowed to continue to infringe upon my federally registered Tang Works.

Expedited Discovery is Needed in Order to Determine the Identity and Location of Defendants

38. In order to facilitate my ongoing investigation into the identity and location of the Defendants as well as the scope and interworking of their network and infringing activities and to obtain evidence for use in support of my forthcoming request for a preliminary injunction, I respectfully request that the Court grant me expedited discovery. Without a grant of expedited discovery, I will not be able to serve the defendants by email.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of July, 2022, at Li Ling City, Hunan Province, China.

Lei Tang 2022.7.18